**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**ALDO HUMBERTO CORDOVA**<br>**and**<br>**IVONNE RUVACALBA CORDOVA,**<br><br>**DEBTORS.** | **CASE NO.: 12-31893**<br><br>**SMALL BUSINESS CASE**<br>**CHAPTER 11** |

**PLAN OF REORGANIZATION**

Proposed By: Aldo Humberto Cordova and Ivonne Ruvacalba Cordova
Dated: July 26, 2013

Submitted by:

Sidney J. Diamond
Omar Maynes
3800 N. Mesa, Suite B-3
El Paso, Texas 79902
(915) 532-3327 (Voice)
(915) 532-3355 (Fax)
sidney@sidneydiamond.com
Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| IN RE:<br><br>ALDO HUMBERTO CORDOVA<br>and<br>IVONNE RUVACALBA CORDOVA,<br><br>DEBTORS. | CASE NO.: 12-31893<br><br>SMALL BUSINESS CASE<br>CHAPTER 11 |

**ALDO HUMBERTO CORDOVA AND IVONNE RUVALCALBA CORDOVA'S
PLAN OF REORGANIZATION, DATED JULY 26, 2013**

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Aldo Humberto Cordova and Ivonne Ruvacalba Cordova, (the "Debtors") from income derived from Fletes del Noroeste, LLC.

This plan provides for 7 classes of secured claims; 1 class of unsecured claims; and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive distributions of 100% of their claims. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holder has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

    2.01    Class 1.    The claim of Bank of America N.A., to the extent allowed as a secured claim under § 506 of the Code.

  2.02 <u>Class 2.</u> The claim of Delbert & Jayne McElroy, to the extent allowed as a secured claim under § 506 of the Code.

  2.03 <u>Class 3.</u> The claim of GECU, to the extent allowed as a secured claim under § 506 of the Code.

  2.04 <u>Class 4.</u> The claim of HSBC Retail Services, to the extent allowed as a secured claim under § 506 of the Code.

  2.05 <u>Class 5.</u> The claim of the Internal Revenue Service, to the extent allowed as a secured claim under § 506 of the Code.

  2.06 <u>Class 6.</u> The claim of the City of El Paso, to the extent allowed as a secured claim under § 506 of the Code.

  2.07 <u>Class 7.</u> The claim of MHC Financial Services, to the extent allowed as a secured claim under § 506 of the Code.

  2.08 <u>Class 8.</u> Unsecured claims allowed under § 502 of the Code.

  2.09 <u>Class 9.</u> Debtors retained interest in property.

### ARTICLE III
### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

  3.01 **Unclassified Claims**. Under section § 1123(a) (1), administrative expense claims, and priority tax claims are not in classes.

  3.02 **Administrative Expense Claims.** Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

  3.03 **Priority Tax Claim**s. The Claim of the Internal Revenue Service in the amount of Twenty-Two Thousand Four Hundred Forty Four and 01/100 Dollars ($22,444.01) shall be paid in 60 equal monthly installments of principal and interest, with interest at the rate of 3% beginning the first day of the first full month following the Effective Date. The debt owed by the Debtors to the Internal Revenue Service (IRS) is a Non-Dischargeable debt, except as otherwise provided for in the Code, and that if the Debtors default, the IRS is not subject to the provisions of the Bankruptcy Code so that the IRS can take whatever actions are necessary to collect said debt in the event of default; the federal tax liens survive the plan confirmation, a bankruptcy discharge, and dismissal of the case. The Liens, treated elsewhere herein, continue to be enforceable against all of the debtors' property under federal law. A failure by the Debtors to make

a payment to the Internal Revenue Service pursuant to the terms of the Plan shall be an event of default, and as to the Internal Revenue Service, there is an event of default if payment is not received by the 15th day of each month. If there is a default, the Internal Revenue Service must send written demand for payment to the Debtors and to their counsel, and said payment must be received by the Internal Revenue Service within 15 days of the date of the demand letter. The Debtors can receive up to three notices of default from the Internal Revenue Service; however, on the third notice of default from the Internal Revenue Service the third notice cannot be cured, and the Internal Revenue Service may accelerate its allowed claim(s), past and future, and declare the outstanding amount of such claim(s) to be immediately due and owing and pursue any and all available state and federal rights and remedies. These default provisions pertain to the entire claim(s) of the Internal Revenue Service, secured, unsecured priority and unsecured general. The IRS is bound by the provisions of the confirmed plan and is barred under 11 USC 1141 from taking any collection actions against the Debtors for prepetition claims during the duration of the Plan (provided there is no such default as to the IRS). The period of limitations on collection remains suspended under 26 USC 6503 (h) for the tax periods being paid under the Plan and terminates on the earlier of (1) all required payments to the IRS have been made; or (2) 30 days after the date of the demand letter (described above) for which the debtors fail to cure the default.

The Claim of the Texas Workforce Commission in the amount of Five Hundred Thirty Five and 70/100 Dollars ($535.70) shall be paid by in full on the first day of the first full month following the Effective Date.

3.04 **United States Trustee Fees**. All fees required to be paid by 28 U.S.C. § 1930(a) (6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the Effective Date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - Secured claim of Bank of America, N.A. secured by a first lien on the property at 10905 Willie Mays, El Paso, TX 79934 in the amount of Three Thousand Four Hundred Fifty Three and 52/100 Dollars ($3,453.52). | Unimpaired | Terms of contract will be adopted, beginning on the first day of the first full month following the Effective Date. |

**ALDO HUMBERTO CORDOVA AND IVONNE RUVACALBA CORDOVA'S**
**PLAN OF REORGANIZATION, DATED JULY 26, 2013** Page 4

| | | |
|---|---|---|
| Class 2 – Secured claim of Delbert & Jayne McElroy in the amount of One Hundred Twenty Two Thousand Six Hundred Eighteen and 79/100 Dollars $122,618.79, secured by a first lien on the real property located at 12850 Harnoss Dr., El Paso, TX 79928. | Impaired | Payments made to the Secured Party from the filing date through the effective date shall be credit first to interest and then to principal.  The Allowed Secured Claim shall be paid on the basis of a thirty year amortization schedule with interest at the rate of 5.25% with a ten year call.  The terms and conditions of the loan documents between the parties are hereby adopted in full, without alteration, except as modified herein. |
| Class 3 – Secured claim of GECU in the amount of Four Thousand Sixty Eight and 54/100 Dollars ($4,068.54) secured by a lien on a 2005 Ford F-250 Lariat Pickup. | Impaired | The allowed secured claim shall be paid in 60 equal monthly installments with interest thereon at the rate of 5.25% beginning the first day of the first full month following the effective date.  The terms and conditions of the loan documents between the parties are hereby adopted in full, without alteration, except as modified herein. |
| Class 4 – Secured claim of HSBC Retail Services in the amount of Twelve Hundred Dollars ($1,200.00) secured by a lien on a 2005 Polaris Quad. | Impaired | The allowed Secured Claim of HSBC shall be paid in 60 equal monthly installments with interest thereon at 5.25% beginning on the first full day of the first full month following the Effective Date.  The terms and conditions |

**ALDO HUMBERTO CORDOVA AND IVONNE RUVACALBA CORDOVA'S**
**PLAN OF REORGANIZATION, DATED JULY 26, 2013**      **Page 5**

| | | |
|---|---|---|
| | | of the loan documents between the parties are hereby adopted in full, without alteration, except as modified herein. |
| Class 5 - Secured claim of Internal Revenue Service in the amount of Fifty Seven Thousand Two Hundred Sixty Two and 99/100 Dollars ($57,262.99).secured by all real and personal property owned by the Debtors | Impaired | The allowed secured claim in the amount of $57,262.99 shall be paid in 120 equal monthly installments of principal and interest, with interest at the rate of 3% beginning the first day of the first full month following the effective date. |
| Class 6 - Secured claim of MHC Financial Services in the amount of Three Thousand Nine Hundred Ninety One and 47/100 Dollars ($3,991.47) secured by a 2005 Kenworth T600B. | Impaired | The allowed secured claim shall be paid in 60 equal monthly installments with interest thereon at the rate of 5.25% beginning the first day of the first full month following the effective date.<br><br>The terms and conditions of the loan documents between the parties are hereby adopted in full, without alteration, except as modified herein. |
| Class 7 - Secured claim of City of El Paso in the amount of Seven Thousand Four Hundred Thirty Six and 24/100 Dollars ($7,436.24) secured by the property located at 12850 Harnoss Dr., El Paso, TX 79928 | Impaired | The allowed secured claim shall be paid in 60 equal monthly installments with interest thereon at the rate of 12% beginning the first day of the first full month following the effective date.<br><br>Should the reorganized |

| | | |
|---|---|---|
| | | debtors fail to make any payments as required in this Plan, the City of El Paso shall provide written notice of that default and send written notice by certified mail to debtors' counsel advising of that default, and providing the reorganized debtors within a period of ten (10) days to cure the default. In the event that the default is not cured within ten (10) days, the City of El Paso may, without further order of this Court, pursue all of its rights and remedies available to it under the Texas Property Tax Code to collect the full amount of all taxes, penalties and interest owed. Additionally, the failure to timely pay post-confirmation taxes while the reorganized debtors are in repayment of any pre-petition debt shall be considered an event of default. The City of El Paso shall provide debtors' counsel with written notice of that default and a ten (10) day opportunity to cure said default. In the event that the reorganized debtors fail to timely cure the post-confirmation default, the City of El Paso may proceed without further order of this court to collect taxes, |

**ALDO HUMBERTO CORDOVA AND IVONNE RUVACALBA CORDOVA'S
PLAN OF REORGANIZATION, DATED JULY 26, 2013**      **Page 7**

| | | |
|---|---|---|
| | | penalties and interest owed. The debtors shall be entitled to no more than one (1) Notice of Default. In the event of a second (2nd) default, the City of El Paso may pursue all rights and remedies available to it under the Texas Property Tax Code in state district court without order from this court. |
| Class 8 - General Unsecured Class | Impaired | The allowed unsecured claims with be paid 100% in 60 equal monthly installments, pro-rata, beginning on the first day of the third full month following the effective date up to a maximum of $25,000. Claims in this presently total $22,522.00[1] |
| Class 9 - Retained Interest | Unimpaired | Debtors will retain their interest in all property of the estate, both exempt and non-exempt. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 **Disputed Claim.** A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

5.02 **Delay of Distribution on a Disputed Claim**. No distribution will be

---

[1] A suit, for a pre-petition claim by an ex-employee in the amount of $3,000 has been filed in Justice of the Peace Court, which claim the Debtors believes is without merit.

**ALDO HUMBERTO CORDOVA AND IVONNE RUVACALBA CORDOVA'S
PLAN OF REORGANIZATION, DATED JULY 26, 2013** Page 8

made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 **Settlement of Disputed Claims**. The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 **Assumed Executory Contracts and Unexpired Leases.**

(a) The Debtors will assume the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

| Party | Description of Contract | Election |
|---|---|---|
| Delbert & Rhonda McElroy (Tenant) and Salomon M. Cordova and Aldo H. Cordova (Landlord) | Ground Lease for Cell Tower | Assume |

(b) The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan.

| Party | Description of Contract | Election |
|---|---|---|
| None | | |

# ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

7.01 The Plan will be implemented with the income derived by Aldo Humberto Cordova and Ivonne Ruvacalba Cordova from Fletes Del Noroeste LLC.

# ARTICLE VIII
# GENERAL PROVISIONS

8.01    **Definitions and Rules of Construction**: The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02    **Effective Date of Plan**: The effective date of this Plan is the 14th business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    **Severability:**  If any provision of this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect on any other provision of this Plan.

8.04    **Binding Effect:**  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    **Captions:** The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    **Controlling Effect**:  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided for in this Plan.

8.07    **Plan:**  Plan shall mean the Chapter 11 Plan, including any exhibits thereto and all documents incorporated by reference, either in their present form or as they may be altered, amended, or modified from time to time in accordance with the Code and Bankruptcy Rules.

# ARTICLE IX
# DISCHARGE

9.01    **Discharge:**  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) or the Code.  The Debtors will be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

# ARTICLE X
# OTHER PROVISIONS

10.01 **Default in Payment of Claims of Unsecured Creditors by Debtors**: The following terms and conditions shall apply to any default in payment to any holder of an Allowed Unsecured Claim.

a.) **Conditions of Default and Remedies:** A failure by the Debtors to make payment pursuant to the terms of Class 8 shall be an event of default. The Debtors shall have fifteen (15) days from receipt of notice from a Claimant in which such default has occurred to cure the default. If the default is not cured within the fifteen (15) day period, the Claimant may (a) accelerate the Allowed Claims in such class to be immediately due and owing and/or (b) pursue any and all available state and federal rights and remedies. The Debtors are permitted to cure a default in any class only three (3) times

b.) **Defenses:** In any litigation brought by an Unsecured Claimant, the Allowed Claim of such Unsecured Claimant is conclusively presumed to be correct and may not be challenged in any manner by the Debtors or in the case of a non-dischargeable Claim by the Debtors.

10.02 **Default in Payment of Claims of Secured Creditors by Debtors:** The terms and conditions of the loan documents are herewith adopted in full except as otherwise stated in this Plan and the Debtors' Disclosure Statement.

10.03 **Terms and Conditions Relating to Secured Creditors for Debtors and:** Classes 1 through 7 of the Debtors consist of the Secured Claims of all Secured Creditors, except those Creditors whose collateral has been abandoned to them, or for which an order for relief from the provisions of Sections 362 of the Code has been granted as finally allowed and ordered paid by the Court, and to the extent that such Claims are not greater than the value of the Debtors' assets which the Court finds are valid security for such Claims. The following terms and conditions apply to all Creditors holding Liens against Property of the Estate:

10.04 **Terms and Conditions Relating to Secured Creditors for Debtors and:** Classes 1 through 7 of the Debtors consist of the Secured Claims of all Secured Creditors, except those Creditors whose collateral has been abandoned to them, or for which an order for relief from the provisions of Sections 362 of the Code has been granted as finally allowed and ordered paid by the Court, and to the extent that such Claims are not greater than the value of the Debtors' assets which the Court finds are valid security for such Claims. The following terms and conditions apply to all Creditors holding Liens against Property of the Estate:

   **1. Preserved Liens:** Liens of Secured Creditors shall be preserved to the extent such liens are valid.

   **2. Release of Liens:** Upon payment in full to the Secured Creditors under the terms of this Plan, such Secured Creditors shall execute the documents necessary to release their Liens securing such property.

 **DATED**: July 26, 2013

                Respectfully Submitted,

                /s/ Aldo Humberto Cordova
                Aldo Humberto Cordova

                /s/ Ivonne Ruvacalba Cordova
                Ivonne Ruvacalba Cordova

 **DIAMOND LAW**,

 /s/ Sidney J. Diamond
 By: Sidney J. Diamond
Attorney for Debtors
Texas Bar Card No.: 05803000
3800 N. Mesa, Suite B-3
El Paso, Texas 79902
(915) 532-3327 Voice
(915) 532-3355 Fax
sidney@sidneydiamond.com